```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
                                              :
VITCOM, LLC,                                  :
                                              :
                          Plaintiff,          :
                                              :     19cv2842
             -against-                        :
                                              :     DISCOVERY ORDER
MCI COMMUNICATIONS SERVICES,                  :
INC., VERIZON SERVICES CORP., and             :
VERIZON SELECT SERVICES INC.,                 :
                                              :
                          Defendants.         :
                                              :
------------------------------------------------------------
```

WILLIAM H. PAULEY III, Senior United States District Judge:

On November 13, 2019, the parties filed a joint letter with this Court describing several discovery disputes (ECF No. 21). Specifically, these disputes concern the adequacy of Vitcom's responses to Defendants' requests for admission ("RFAs") and interrogatories. This Court addresses each dispute below.

I.  RFA No. 2 and Interrogatory No. 11

In the November 13 letter, Vitcom represents that it lacks any knowledge about the information sought in RFA No. 2—that is, whether Vitcom billed Defendants for auto-dialed, toll-free telephone traffic. Vitcom's representation is inconsistent with its actual responses to RFA No. 2 and Interrogatory No. 11. There, Vitcom explicitly "denie[d] that it knowingly or even recklessly or negligently billed for" the auto-dialed traffic. (ECF No. 21-1; ECF No. 21-2.) Accordingly, by November 22, 2019, Vitcom shall amend its response to RFA No. 2—along with its accompanying answer to Interrogatory 11—to remedy the discrepancy. If Vitcom's amended response to RFA No. 2 states that Vitcom lacks knowledge about whether it billed Defendants for the auto-dialed traffic, Vitcom's amended answer to Interrogatory No. 11 shall

explain why Vitcom does not possess that information. If Vitcom reiterates the blanket denial from its original response to RFA No. 2, its amended answer to Interrogatory No. 11 must provide a factual basis for that denial.

II. RFA No. 1 and Interrogatory No. 11

Similarly, the portion of Vitcom's answer to Interrogatory No. 11 concerning RFA No. 1 is insufficient. Indeed, Vitcom's answer does not offer any basis for its denial of RFA No. 1. Instead, the answer merely states that "a portion of the charges [Vitcom] billed were in connection with phone calls which were originated by non-VoIP providers." (ECF No. 21-4.) Absent from Vitcom's response, however, is any explanation as to how Vitcom arrived at that conclusion. In the November 13 letter, Vitcom seeks to validate its position by arguing that depositions are "a more efficient manner" to obtain the information sought by RFA No 1. This argument is baseless. Accordingly, Vitcom shall amend the portion of its Interrogatory No. 11 answer concerning RFA No. 1 by November 22, 2019.

III. Interrogatory No. 4

Vitcom's answer to Interrogatory No. 4 is also inadequate. Indeed, in the November 13 letter, Vitcom acknowledges that it has access to at least some of the information sought by the interrogatory. And Vitcom's representation that "<u>most traffic</u> from its customers" came from a "portal switch" that was allegedly hacked in April 2019 does not excuse Vitcom from searching for responsive information still within its possession. (ECF No. 21-2 (emphasis added).) For the same reason, this Court rejects Vitcom's excuse that it need not review certain servers because they "may contain switch data . . . only relat[ing] to a <u>portion of its customers</u>." Accordingly, Vitcom shall amend its response to Interrogatory No. 4 by November 22, 2019.

Dated: November 18, 2019
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.