UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
VITCOM, LLC,

       Plaintiff,

  -against-

MCI COMMUNICATIONS SERVICES,
INC., VERIZON SERVICES CORP., and
VERIZON SELECT SERVICES INC.,

       Defendants.
-------------------------------------------------------

19cv2842

DISCOVERY ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

  On November 27, 2019, the parties filed a joint letter with this Court describing several discovery disputes. (ECF No. 26). Specifically, these disputes concern the adequacy of Defendants' answers to Vitcom's interrogatories. This Court addresses each dispute below.

I.  <u>Interrogatory No. 1</u>

  In the November 27 letter, Defendants represent that they have only completed a single audit of Vitcom's invoices and EMI records. That audit is adequately described in Defendants' answer to Interrogatory No. 1. Indeed, in addition to explaining that the audit commenced around January 2014, Defendants' response states who conducted the audit (Traci Morgan), the process used (e.g., Defendants "compar[ed] the usage details . . . against the governing documents"), and the results (e.g., the audit revealed "that Vitcom was billing . . . for," among other things, "auto-dialed calls"). (ECF No. 26-2, at 5–6.)

  However, Defendants' answer to Interrogatory No. 1 also describes an analysis that they conducted on "CDRs containing March 2015 call information." (ECF No. 26-2, at 6.) While the results and conclusions of that analysis are adequately described, Defendants do not

identify: (1) when Defendants conducted this analysis, (2) whether it was conducted by someone other than Traci Morgan, or (3) whether they employed the same process used for the spring 2014 audit. Accordingly, Defendants are directed amend their answer to Interrogatory No. 1 to clarify these points by December 12, 2019. Additionally, in both the November 27 letter and their answer to Interrogatory No. 1, Defendants represent that their analysis of Vitcom's EMI records is continuing. Defendants are directed to supplement their answer to Interrogatory No. 1 on a rolling basis as they complete any additional analyses.

II.   Interrogatory No. 6

In the November 27 letter, Vitcom concedes that Interrogatory No. 6 requires Defendants to "analyze millions of EMI records." (ECF No. 26, at 4.) Nevertheless, Vitcom argues that since "[a]nalysis is what [Defendants] do[] to the EMI records [they] receive[]," Defendants can—and should—analyze the millions of EMI records by using "[w]hatever computer routine [they] [have] in place."[1] (ECF No. 26, at 4.) This Court is unpersuaded. Defendants have represented that they refused to pay Vitcom's charges based on the results of the spring 2014 audit. (See ECF No. 26, at 5.) Defendants' answer to Interrogatory No. 6 therefore appropriately refers Vitcom to the answer to Interrogatory No. 1. As such, Defendants' answer to Interrogatory No. 6 is adequate—for now. Just as they must do for Interrogatory No. 1, Defendants shall supplement their response to Interrogatory No. 6 to reflect the results of any subsequent analyses of Vitcom's EMI records.

---

[1]   Confusingly, Vitcom also claims that it "is not asking that a response be made for each EMI record individually." (ECF No. 26, at 4.) But that is precisely what Interrogatory No. 6 seeks. (See ECF No. 26-1, at 3 ("For each EMI record . . . .").)

III. <u>Interrogatory No. 7</u>

Interrogatory No. 7 is similar in subject and scope to Interrogatory No. 6. Accordingly, for the reasons stated above, Defendants' answer to Interrogatory No. 7 is adequate. Defendants, however, are obliged to supplement their answer to the extent that they undertake and complete additional analyses of Vitcom's EMI records.

IV. <u>Interrogatory Nos. 8 and 12</u>

Interrogatory Nos. 8 and 12 ask Defendants to identify customers who complained about and received credits because of fraudulent calls coming from Vitcom. Defendants have objected to these interrogatories and have refused to answer them substantively. Despite Vitcom's insistence that these interrogatories seek relevant information, this Court finds that they concern topics that are—at most—ancillary to the central issues in this case. Moreover, requiring Defendants to respond to Interrogatory Nos. 8 and 12 would be unduly burdensome. Indeed, Defendants have explained that responding to these interrogatories would require Defendants to cross-reference several types of records—and even then, Defendants are unsure that they could obtain the information Vitcom seeks. (<u>See</u> ECF No. 26, at 8–9.) Accordingly, Defendants' objections to Interrogatory Nos. 8 and 12 are sustained.

Dated: December 5, 2019
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.